Anne Bevington, Esq. (SBN 111320)
Tino X. Do, Esq. (SBN 221346)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: abevington@sjlawcorp.com
Email: tdo@sjlawcorp.com

Attorneys for Plaintiffs Sheet Metal Workers
of Northern California Pension Trust Fund et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEET METAL WORKERS OF NORTHERN CALIFORNIA PENSION TRUST FUND; and its BOARD OF TRUSTEES; RICK WERNER and SEAN O'DONOGHUE, TRUSTEES;<br><br>Plaintiffs,<br><br>v.<br><br>SHILLINGSBURG VENTURES dba REBARBER ENTERPRISES, a California Corporation,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

Plaintiffs allege as follows:

**INTRODUCTION**

1.      Defendant Shillingsburg Ventures dba Rebarber Enterprises, a California corporation ("Rebarber"), was a contributing employer in the Sheet Metal Workers of Northern California Pension Trust Fund ("Trust Fund") until it made a complete withdrawal from the Trust Fund in or about July 2018.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C §§ 1001-1461 (1982)), to recover payments of assessed withdrawal liability that Rebarber failed to

- 1 -

make within the time prescribed, plus other allowable amounts from Rebarber.

**PARTIES**

1. The Trust Fund is an employee benefit plan as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). Plaintiff Board of Trustees is a named fiduciary of the Trust Fund under ERISA §402(a), 29 U.S.C. §1002(a). Plaintiffs Rick Werner and Sean O'Donoghue are Trustees of the Trust Fund with authority to act on behalf of all Trustees. The Board of Trustees of the Trust Fund is authorized to bring suit and collect monies for the Trust Fund.

2. Defendant Rebarber is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

**JURISDICTION**

3. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of §§ 4301(c) and 502(e)(1) and (f) of ERISA (29 U.S.C. §§ 1451(c) and 1132(e)(1) and (f)), and federal common law, 28 U.S.C. § 1331. Plaintiffs seek to enforce the provisions of ERISA and the terms of the pension plan, seek redress for the Defendant's violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

4. To the extent jurisdiction over any claim does not exist under ERISA, supplemental jurisdiction exists in this Court over such claims by virtue of 28 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction and it would further judicial economy, convenience, fairness and comity to exercise jurisdiction over the claims.

**VENUE**

5. Venue is conferred upon this Court by ERISA §§ 4301(d) and 502(e)(1) (29 U.S.C. §§ 1451(d) and 1132(e)(2)). Where an action is brought under ERISA §§ 4301 and 502 (29 U.S.C. §§ 1451 and 1132) in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. The Trust Fund, on whose behalf the Trustees brings this

action, is administered in this district and has its principal place of business in San Ramon, County of Alameda, California, within the Northern District of California; Defendant Rebarber has its principal place of business in the City and County of San Francisco, California, within the Northern District of California.  Venue is also conferred upon this Court by 28 U.S.C. §1391(b) as the Defendant resides or may be found here and because Plaintiffs' claims arose in this district.  Thus, jurisdiction and venue are properly grounded with this Court.

## FACTUAL ALLEGATIONS

6. This action arises under the ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 (29 U.S.C §§ 1001-1461 (1982)).

7. Defendant Rebarber was a contributing employer in the Trust Fund pursuant to a collective bargaining agreement ("Bargaining Agreement") between Rebarber, on the one hand, and the Sheet Metal Workers International Association Local Union No. 104 ("Union"), on the other hand.  The Union is a labor organization as defined in NLRA § 2(5) (29 U.S.C. § 152(5)) that represents employees in an industry affecting interstate commerce.  Defendant Rebarber was obligated to and did make contributions to the Trust Fund on behalf of its employees that were covered under the Bargaining Agreement.

8. In or about July 2018, Rebarber effected a complete withdrawal under ERISA § 4203 (29 U.S.C. § 1383) from participation in the Trust Fund, which thereby made Rebarber and all members of its controlled group liable to the Trust Fund for withdrawal liability.

9. Pursuant to ERISA Sections 4201- 4203 (29 U.S.C. § 1381 et seq.), by letter dated August 28, 2018, Plaintiffs notified Rebarber and each member of its controlled group of the withdrawal liability assessed against them, and demanded payment of the assessed withdrawal liability. Specifically, the Trust Fund notified Rebarber and its controlled group that:

(a) Rebarber's assessed liability for the withdrawal was $360,821.00, payable either in one lump sum before October 1, 2018, or in 61 monthly installment payments of $7,046.47 beginning on October 1, 2018, plus a final 62nd payment of $2,944.52 due November 1, 2023;

(b) Any request for review by the Rebarber must be made within ninety (90)

days from receiving the notice of the withdrawal liability assessment; and

(c) Any request for review or initiation of arbitration does not postpone the deadline for making payment according to the schedule set forth in the notice of the withdrawal liability assessment.

(d) Information and documents regarding all trades and businesses under common control with Defendant were required to be provided within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. §1399(a).

10. The Trust Fund's Assessment Notice clearly required Rebarber to begin making monthly payments of $7,046.47 on October 1, 2018. On October 16, 2018, on behalf of the Trust Fund, legal counsel sent a letter to Rebarber stating that the first monthly withdrawal liability payment, which was due October 1, 2018, had not been received by the Trust Fund and also stated that if payment in full, including interest, was not made within 60 days that the Trust Fund would declare Rebarber in default.

11. After being notified that it was delinquent in making the required withdrawal liability installment, Rebarber failed to cure its delinquent installment payment within sixty (60) days as required under ERISA Section 4219(c)(5) of (29 U.S.C. § 1399(c)(5)).

12. By letter dated January 22, 2019, legal counsel, on behalf of the Trust Fund, notified Rebarber that the Trust Fund was accelerating the entire withdrawal liability amount of $360,821.00 as now immediately due and payable pursuant to ERISA § 4219(c)(5)(b), 20 C.F.R. § 4219.31(b)(2) and Section XV of the Trust Fund's Withdrawal Liability Procedures. The Trust Fund further informed Rebarber that its deadline to request review had expired on November 26, 2018, and therefore its right to demand arbitration had been waived.

13. Rebarber attempted to initiate arbitration with the Trust Fund on April 19, 2019 on its withdrawal liability assessment. This arbitration proceeding was dismissed pursuant to a ruling dated December 4, 2019 by arbitrator Norman Brand who found that Rebarber failed to satisfy the threshold prerequisite for arbitration of submitting a written request for review of its withdrawal liability assessment as required under ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2). Even if this arbitration were still proceeding, ERISA §4221(d), 29 U.S.C. §1401(d), provides that withdrawal

liability payments "shall be made by an employer in accordance with the determinations made under this part until the arbitrator issues a final decision with respect to the determination submitted for arbitration."

14. Rebarber and all members of its controlled group are liable to Plaintiffs for the entire withdrawal liability assessment of $360,821.00, along with liquidated damages, 10% simple interest per annum from the due date prescribed by statute, and attorneys' fees and costs.

## FIRST CAUSE OF ACTION
### (Against Defendant)
### (Under ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2) for Withdrawal Liability Payments)

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

16. Rebarber failed to make timely withdrawal liability payments according to the schedule set forth by the Trust Fund as those payments were due as required by ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2) and, having been declared in default, has failed to pay the entire amount of the withdrawal liability pursuant to ERISA § 4219(c)(5)(b), 20 C.F.R. § 4219.31(b)(2) and Section XV of the Trust Fund's Withdrawal Liability Procedures

17. Pursuant to ERISA §4301(b), 29 U.S.C. §1451(b), the failure to make withdrawal liability payments when due is treated in the same manner as a delinquent contribution under ERISA §515, 29 U.S.C. §1145.

18. Under ERISA §502(g), 29 U.S.C. §1132(g), in any action by a fiduciary on behalf of a Trust Fund to enforce ERISA §515, 29 U.S.C. §1145, if the court awards unpaid contributions, it must also award interest at the rate provided under the plan, an amount equal to the greater of interest or liquidated damages provided for under the plan not to exceed 20%, reasonable attorney's fees, costs, and such other legal and equitable relief as the Court deems appropriate.

19. The Trust Fund's plan documents provide for interest at the rate of 10% simple interest per annum and, for withdrawal liability collection actions, liquidated damages of 20% of the unpaid withdrawal liability amounts due.

//

//

//

- 5 -

**SECOND CAUSE OF ACTION**
**(Against Defendant)**
**(Under ERISA § 4219(a), 29 U.S.C. § 1399(a) for Failure to Provide Required Information under ERISA**

20. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 19, above.

21. In violation of ERISA § 4219(a), 29 U.S.C. § 1399(a), Defendant has failed to provide the Trust Fund with all necessary information to enable the Trust Fund to comply with the requirements of ERISA, including but not limited to information relating to the identities of all members of Defendant's controlled group under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and any transactions to evade or avoid Defendant's withdrawal liability under ERISA § 4212, 29 U.S.C. § 1392.

22. The failure of Defendant to pay the withdrawal liability in accordance with ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2), and provide requested information in accordance with ERISA § 4219(a), 29 U.S.C. § 1399(a) has caused the Trust Fund to sustain loss of investment income and incur administrative and legal expenses.

23. Defendant's failure to comply with the law has caused the Trust Fund to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

24. Thus, injunctive relief as prayed for below is proper

**PRAYER**

WHEREFORE, Plaintiffs pray for following relief:

1. For a judgment providing that Defendant, as well as all other members of Defendant's controlled group, are jointly and severally liable to immediately pay to Plaintiffs the following sums:

   (i) The unpaid withdrawal liability of $360,821.0, less any credits for recoveries received before the time of judgment;

   (ii) Interest on the unpaid withdrawal liability at the rate of 10% per annum from October 1, 2018 until the date of payment, pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and (6) and 1132(g)(2);

   (iii) Pursuant to ERISA §502(g)(2)(C), 29 U.S.C. §1132(g)(2)), liquidated

damages equal to the greater of:

    (a) The accrued interest on the unpaid withdrawal liability at the time of judgment, or

    (b) An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

   (iv) Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§4301(e) and 502(g) (29 U.S.C. §§1451(e) and 1132(g)).

  2. For injunctive relief ordering Defendant to provide all of the documentation and information requested by the Trust Fund, including but not limited to information regarding all trades or businesses which are within Defendant's controlled group as defined in ERISA §4001(b)(1), 29 U.S.C. §1301(b), and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

  3. Such other relief as this Court deems appropriate pursuant to ERISA §502(g)(2)(E), 29 U.S.C. §1132(g)(2)(E)

Dated: February 21, 2020    SALTZMAN & JOHNSON LAW CORPORATION

                By: /S/
                  Tino X. Do
                  Attorney for Plaintiffs, Sheet Metal Workers of Northern California Pension Trust Fund et al.